|  |  |
|---|---|
| HECTOR MARTIN PRIETO, | No. 1:25-cv-00618-SAB (PC) |
| Plaintiff, | |
| v. | ORDER TRANSFERRING CASE |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Hector Martin Prieto, a state prisoner proceeding pro se, filed a civil rights action under 42 U.S.C. § 1983 on May 27, 2025. On that same date, he also filed a motion to proceed in forma pauperis, (ECF No. 2), which was granted on May 28, 2025, (ECF No. 7).

The general federal venue statute pursuant to 28 U.S.C. § 1391(b) provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." If a court determines the appropriate venue for a case lies in another division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it

1

could have been brought." 28 U.S.C. § 1406(a). Even if venue is proper, a court may transfer an action to another district under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice." A court may raise and decide the issue of venue sua sponte. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

      Here, a review of the complaint reveals that the claims arose out of events at the California State Prison in Lancaster, Los Angeles County, which is in the Central District of California. All defendants are employed at that facility and appear to reside in that district. Therefore, Plaintiff's claim should have been filed in the United States District Court for the Central District of California. Indeed, Plaintiff's complaint is directed to and filed on the Central District of California form complaint. (ECF No. 1.) In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); District No. 1, Pacific Coast Dist., M.E.B.A. v. State of Alaska, 682 F.2d 797, 799 n. 3 (9th Cir. 1982).

      Accordingly, the Court HEREBY ORDERS that:

1. This matter is transferred to the United States District Court for the Central District of California; and

2. The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated: **June 25, 2025**

                                    STANLEY A. BOONE
                                    United States Magistrate Judge